IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

TONIA Y. ADAMS )
)
v. ) NO. 3:15-0490
)
YATES SERVICES NISSAN )

TO: Honorable Aleta A. Trauger, District Judge

### R E P O R T  A N D  R E C O M M E N D A T I O N

By Order entered May 8, 2015 (Docket Entry No. 2), the Court referred this action to the Magistrate Judge to enter a scheduling order, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is Defendant's motion to dismiss (Docket Entry No. 19). For the reasons set out below, the Court recommends that the motion be granted and this action be dismissed.

### I. BACKGROUND

Plaintiff Tonia Y. Adams ("Adams"), a resident of Hermitage, Tennessee, filed this lawsuit *pro se* and *in forma pauperis* on April 27, 2015, seeking relief under Title VII of the Civil Rights Act of 1964, , based on allegations of unlawful workplace discrimination. The named defendant is Yates Services Nissan ("Nissan"), her former employer. Defendant promptly answered the complaint, and a scheduling order was entered on August 13, 2015 (Docket Entry No. 10), setting out deadlines for

pretrial proceedings in the action, including a deadline of December 10, 2015, for the completion of discovery.

On November 9, 2015, Defendant filed a motion to compel Plaintiff to respond to written discovery request, asserting that Plaintiff has been completely non-responsive to written discovery requests that had been served on Plaintiff in August 2015, and to two attempts by Defendant's counsel to informally resolve the matter. Plaintiff did not make any filing in response to the motion, and, by Order entered December 2, 2015 ("December 2, 2015 Order"), the Court granted the motion to compel and specifically directed that:

> by December 21, 2015, Plaintiff shall serve upon Defendant her responses to Defendant's first set of interrogatories and first requests for production of documents. Plaintiff is warned that her failure to comply with this Order may result in the imposition of sanctions against her, which may include a recommendation for dismissal of the action.

See Docket Entry No. 17 (underlining in original). In addition to the directive to Plaintiff that she respond to discovery requests, the Court also denied Defendant's requests for reasonable expenses and attorneys' fees and extended the deadline for the completion of discovery to January 25, 2016. *Id*.

On December 28, 2015, Defendant filed the pending motion seeking to dismiss this action under Rules 37(b), 37(d), and 41(b) of the Federal Rules of Civil Procedure. Defendant asserts that 1) Plaintiff failed to comply the Court's directive that she respond to Defendant's outstanding written discovery requests, and 2) failed to appear at her deposition that was scheduled and noticed on December 3, 2015. *See* Docket Entry Nos. 19 and 20. Defendant states that Plaintiff did not contact Defendant's counsel prior to the date of her scheduled deposition that she could not appear at the

deposition, did not contact Defendant's counsel after the date the deposition was scheduled, and has not contacted Defendant's counsel in any manner since filing her complaint.

By Order entered January 5, 2016 (Docket Entry No. 21), the Court directed Plaintiff to respond to the motion to dismiss by January 25, 2016. On the day of her deadline to respond, Plaintiff filed an opposition to the motion in which she states that she has two children that were having medical issues, including surgery, and that she has been "unable to handle the stress of this case and their issues." *See* Docket Entry No. 25. She requests "an extension so I can start this process fresh. I am more able to comply and go forth with the process now that they have/are receiving medical care." *Id*.

## II. CONCLUSIONS

Rule 37(b) of the Federal Rule of Civil Procedure provides that the Court may make such orders "as are just" when a party fails to obey an order to provide discovery. Sanctions are set forth in Rule 37(b)(2) and include the sanction of "dismissing the action or proceeding in whole or in part." Rule 37(b)(2)(A)(v). Further, Rule 37(d)(1)(A)(i) permits the Court to assess sanctions against a party for a failure to attend a properly noticed deposition. These sanctions may include any of the sanctions listed in Rule 37(b)(2)(A)(i)-(vi). Rule 16(f)(1) also provides that "on motion or on its own, the Court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party ... (C) fails to obey a scheduling or other pretrial order ."[1]

---

[1] Although it is not necessary to rely upon Rule 41(b) in this case, Rule 41(b) permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by a plaintiff. *See Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980).

The imposition of sanctions and the type of sanctions imposed are matters within the sound discretion of the Court based on the facts of each particular case. *See National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639 (1976); *Regional Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988). Factors to be considered in determining whether the sanction of dismissal is appropriate include: (1) whether there is willfulness, bad faith, or fault on the part of the party in failing to cooperate in discovery; (2) whether the adversary was prejudiced by the opposing party's failure to cooperate in discovery; (3) whether the non-cooperative party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions are appropriate. *Taylor v. Medtronics, Inc.*, 861 F.2d 980, 987 (6th Cir. 1988); *Regional Refuse Sys.*, *supra*.

In the instant case, Plaintiff failed to respond to Defendant's written discovery requests and further failed to respond to Defendant's motion to compel. Her unexplained actions were initially addressed via an order from the Court compelling her to respond to the outstanding discovery requests. In light of her *pro se* status, a very specific directive was given to Plaintiff that she needed to respond by a date certain and that her failure to comply could result in the imposition of sanctions against her, including a recommendation for dismissal of the action. The Court's directive and warning apparently had no effect on Plaintiff. Despite being given a very specific directive by the Court regarding her obligation with respect to the Defendant's discovery requests and despite an explicit Order from the Court compelling her to provide responses to the Defendant's discovery requests by a date certain, Plaintiff failed to take any action in response to the Court's directive and has yet to respond to Defendant's written discovery requests, which were served upon her nearly seven months ago. Plaintiff has also failed to appear for her scheduled and noticed deposition.

The Court finds that Plaintiff's actions in this case present a clear record of dilatory conduct with respect to discovery and the orders of the Court, which warrants the sanction of dismissal. *See Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997). Plaintiff's explanation that her conduct was the result of her need to deal with her childrens' medical issues and her own level of stress does not excuse her fault in this matter. Plaintiff's filing on January 25, 2016, was the first time these matters were raised by her. At no point in the preceding several months did Plaintiff alert either Defendant or the Court to these matters, nor did Plaintiff seek an extension of time to respond to discovery, despite having numerous opportunities to do so. Because of Plaintiff's dilatory conduct, this case is essentially in the same posture as it was when it was filed nearly a year ago, and the Defendant has been prejudiced by 1) being unable to timely resolve the claims brought against it, and 2) being required to file motions and expend unnecessary funds because of the need to address discovery issues caused by Plaintiff's conduct. *See Alley v. Vital One Health Plan*, 2016 WL 616346 at *2 (M.D. Tenn. Feb. 16, 2016) (Sharp, J.) ("The second Rule 37(b) factor is met when a defendant 'waste[s] time, money, and effort in pursuit of cooperation which [a plaintiff] was legally obligated to provide.'" *citing Wright v. City of Germantown, Tenn.*, 2013 WL 1729105 at *2 (W.D. Tenn. Apr. 22, 2013). Plaintiff was clearly warned about the consequence of her failure to comply with the motion to compel. Finally, there is no less drastic sanction that is appropriate. The Court has already extended the discovery deadlines in this action, has already attempted to provide Plaintiff with guidance through an order to compel, and has already declined, in light of Plaintiff's *in forma pauperis* status, to require the payment of expenses and attorneys' fees to Defendant as a sanction for Plaintiff's failure to cooperate with discovery.

Although the Court recognizes Plaintiff's status as a *pro se* litigant, proceeding *pro se* does not relieve a litigant from the basic obligations required of all parties with respect to discovery and compliance with the orders of the Court. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (the relaxed pleading standards for *pro se* litigants do not apply to "readily comprehended court deadlines"); *Davis v. Bilbrey*, 2012 WL 2947587 (M.D. Tenn. July 19, 2012) (Haynes, J.) (*pro se* plaintiff's failure to respond to discovery requests and adhere to court imposed deadlines warranted sanction of dismissal); *Hanners v. Jones*, 2007 WL 2710694 (M.D. Tenn. Sept. 13, 2007) (Nixon, J.) (same). While the Court is sensitive to the personal issues described by Plaintiff, she has exhibited an unwillingness to prosecute the action in the normal fashion and has attempted to explain her actions only when her back is against the wall. Dismissal of the action with prejudice is appropriate in light of Plaintiff's fault, the prejudice caused to Defendant by Plaintiff's refusal to participate in discovery, and the needless expenditure of resources by both the Court and Defendant because of Plaintiff's conduct. This Court is flooded with actively litigated lawsuits that require the time and attention of the Court. The Court need not bend over backwards to accommodate parties who believe that they are free to litigate upon their own terms.

## RECOMMENDATION

Accordingly, the Court respectfully RECOMMENDS that the Defendant's motion (Docket Entry No. 19) to dismiss be GRANTED and this action be DISMISSED with prejudice.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written

objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge