# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

TONIA Y. ADAMS,                  )
                                    )

       Plaintiff,                )
                                      )

v.                                   )         Civil No. 3:15-cv-00490
                                    )         Judge Trauger

YATES SERVICES NISSAN,        )
                                      )

       Defendant.              )

## MEMORANDUM AND ORDER

On March 28, 2016, the magistrate judge issued a Report and Recommendation (Docket No. 26), to which the plaintiff has responded by filing a letter that the court will consider a timely objection to the Report and Recommendation (Docket No. 29). The Report and Recommendation recommends the dismissal with prejudice of this case, due to the plaintiff's failure to respond to discovery, to cooperate during the discovery phase of this case, and to follow court orders. This Report and Recommendation relates to a dispositive motion.

When a party files objections to a magistrate judge's report and recommendation regarding a dispositive motion, the district judge must review *de novo* any portion of the report and recommendation to which objections are properly lodged. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B) & (C). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The court may decline to review any objections that are not "proper."  To qualify as proper, "objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).  "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."  *Cole v. Yukins*, 7 F.App'x. 354, 356 (6th Cir. 2001) (citing *Miller*, 50 F.3d at 380).  The Sixth Circuit has explained that this specificity requirement is necessary in order to conserve judicial resources.  See *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object," and requiring review of such an objection would "mak[e] the initial reference to the magistrate useless.  The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks.  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.")

The plaintiff's "objection" letter constitutes a general objection to the dismissal of her case; it contains no specific objections to the findings of the magistrate judge.  It therefore does not constitute a "proper" objection and will be overruled.

The magistrate judge's recommendation, though appearing to be harsh, is well grounded in the factual history of this case, and dismissal with prejudice is fully warranted.  For these reasons, the Report and Recommendation is ACCEPTED and made the findings of fact and conclusions of law of this court.  For the reasons expressed therein, it is hereby ORDERED that

the defendant's Motion to Dismiss (Docket No. 19) is GRANTED, and this case is DISMISSED

with prejudice.

It is so ORDERED.

ENTER this 5th day of May 2016.


ALETA A. TRAUGER
U.S. District Judge